37238. FULTON COUNTY et al. v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY et al.

MARSHALL, Justice.

This is an appeal from an order of Fulton Superior Court denying the prayers of the plaintiffs for injunction, declaratory judgment and quo warranto.

The plaintiffs are Fulton County; Milton G. Farris, Chairman of the Board of Commissioners of Fulton County; the City of Atlanta; and Maynard Jackson, individually and as Mayor of the City of Atlanta. The defendants are the Metropolitan Atlanta Rapid Transit Authority (MARTA); John G. Glover, Jr., and Kenneth J. McMillan,

representatives on the MARTA Board of Directors from Clayton and Gwinnett Counties, respectively.

The complaint alleged that the Board of Directors of MARTA is improperly constituted at the present time, because the pertinent Act of the Georgia General Assembly contemplates that only those counties which participate financially in MARTA's rapid transit system shall have representation on the board, which excludes the counties of Clayton and Gwinnett, the defendant representatives from which have been and are serving ·on the board. It is further alleged that the activities of the MARTA board in operating the system, and particularly in determining fares to be charged to the public for its transportation services, constitute a denial of due process and equal protection to the plaintiffs-appellants because of membership on the MARTA board by representatives of counties which do not participate in the funding of MARTA.

The complaint prayed that defendant MARTA be temporarily and permanently enjoined from implementing the action of its board on June 23, 1980, in increasing the fare from 25¢ to 50¢ effective July 1, 1980, until said board is properly constituted, and from allowing representation from Clayton and Gwinnett Counties on its board; that a declaratory judgment be granted to the effect that the two said counties are not entitled to representation on the MARTA board; that a temporary restraining order be issued with respect to the fare increase until a hearing can be had on the request for a preliminary injunction; and that a writ of quo warranto issue to inquire into the right ·of the defendant MARTA board representatives to hold said offices.

The case was tried on stipulated facts before a judge without a jury. The order appealed from denied the injunction, declared that Clayton and Gwinnett Counties are entitled to membership on the MARTA board, and held that the defendant representatives are properly holding office as directors of MARTA. *Held:*

In City of Atlanta v. MARTA, 636 F2d 1084 (5th Cir. 1981), the present plaintiffs, with the exception of Milton G. Farris, raised, inter alia, the same issue raised here, i.e., as to the right of Clayton and Gwinnett Counties to representation on the MARTA board. Judge Lewis R. Morgan, writing for the 5th Circuit Court of Appeals, upheld such right against due-process and equal-protection claims, holding that financial participation was expected of counties contracting for MARTA services, but was not essential to membership on the MARTA board. Since the named parties to the present action were parties in the federal court action — either by having been specifically named in the complaint or by virtue of their official positions (viz., as chairman of the Board of Commissioners of Fulton

County, and as representatives on the MARTA Board of Directors from Clayton and Gwinnett Counties) — the judgment in the latter action is res judicata in the present action as to this issue.

The resolution of the remaining issue — the alleged denial of due process and equal protection by the activities in general and the fare-determining function in particular of the contended illegally constituted board — although not directly ruled on in the federal court case, follows logically from the resolution of the first issue, above. We have established that the MARTA board is properly constituted. Although not binding on this court, we find persuasive the following language in City of Atlanta v. MARTA, 636 F2d 1084, supra, p. 1088: "The MARTA Act gives the Board of Directors the sole authority to determine transit fares. Section 9 (c) [Ga. L. 1965, pp. 2243, 2257] provides that the Board 'shall determine by itself exclusively' the fares to be charged for transit services. The Act further provides that 'the function of the Board under subsection [sic] (c) and (d) shall not be delegated or exercised by any other person or body under any circumstances.' MARTA Act § 9 (e). The Board does not, however, have absolute free rein in exercising its rate-making function. Under section 9 (c) of the Act the Board is required to establish such fares and transportation charges as shall be sufficient, when added to MARTA's revenues from other sources, to meet the Authority's financial obligations. On the other hand, MARTA's official policy 'is one of low fares, virtually removing any cost barrier to the use of the system.' The tension between these competing considerations is the basis for much of the controversy in this case.

"In 1979 the Georgia General Assembly imposed certain budgetary and expenditure restraints upon MARTA in the operation of its rapid transit system. Section 9 (h) (1) of the MARTA Act requires that at least thirty-five percent of the operating costs of the system must be derived from transit operating revenues — i.e., from fare box income. Similarly, section 25 (i) of the Act provides that no more than fifty percent of the annual proceeds of the one percent sales tax authorized by the Act may be used to subsidize the operating costs of the system."

Since the properly constituted MARTA board has the sole authority to determine transit fares, and since the MARTA Act establishes very definite parameters for the necessary and desirable fare rates, the appellants have demonstrated no denial of due process or equal protection in the operation of the MARTA board with respect to the fare determining function, or any other function. Accordingly, the judgment denying the relief sought is affirmed.

*Judgment affirmed. All the Justices concur, except Hill, P. J.,*

*and Smith, J., who concur in the judgment only.*

DECIDED APRIL 8, 1981.

*Webb, Young, Daniel & Murphy, Robert G. Young, Ralph H. Witt,* for appellants.
*Kutak, Rock & Huie, W. Stell Huie, John R. Lowery,* for appellees.